**MYERS CONTRACTING CORPORATION, Appellant, v. BOWERS, Appellee.**

Ohio Appeals, Tenth District, Franklin County.

No. 5761.   Decided January 28, 1958.

Robert Dow Hamilton, Columbus, for appellant.

William Saxbe, Atty. Genl., S. Noel Melvin, Asst. Atty. Genl., Columbus, for appellee.

## OPINION

By PETREE, PJ.

This cause is on for hearing in this court upon a motion in diminution filed by the appellant for an order requiring the Tax Commissioner to amend the record of proceeding by adding to said record the testimony of one O. H. Foster, taken before the Tax Commissioner on February 19, 1957.   The appellant requests that the Tax Commissioner be required to certify forthwith the record of testimony to this court.

The appellant claims that the case was originally heard by the Tax Commissioner and that at this hearing, one O. H. Foster gave certain testimony to the effect that the work performed by the appellant constituted "processing" within the meaning of the Sales Tax Law.   The appellant claims, further, that because of the inconvenience in bringing said Foster before the Board of Tax Appeals, he requested that said Board render its decision based upon the record which the Tax Commissioner is required by law to certify to the Board of Tax Appeals.   Appellant also claims that by error and omission the Tax Commissioner did not certify to the Board of Tax Appeals the evidence and testimony of O. H. Foster.

Appellant's contentions require a consideration of §5717.02 R. C. The first sentence in the third paragraph of said section contains the following language:

"Upon the filing of such notice of appeal the commissioner shall certify to the board a transcript of the record of such proceedings before him, together with all evidence considered by him in connection therewith."

We find no difficulty in reaching the conclusion that there is a plain statutory duty devolving upon the Tax Commissioner to certify to the Board of Tax Appeals all evidence considered by him in connection with the transcript of the record. **Bloch v. Glander, 151 Oh St 381.**

The case now before us is not a case where any duty was placed upon the attorney or the appellant to exercise discretion as to what would be certified to the Board of Tax Appeals. There is no showing that the attorney or appellant in any way induced the Tax Commissioner or the Board to delete the evidence of O. H. Foster, nor that they waived in any other manner their rights to have a proper record certified.

It is not clear from the record when appellant or its counsel first discovered the omission of the Foster testimony. However, since this motion is made in a case which is now pending upon an appeal on law and fact to this court and before judgment in this court, and since we find such motion is timely made and should be sustained, the Tax Commissioner will be required to certify the record of the testimony of O. H. Foster to this court.

This procedure is justified by the majority decision in **Clark v. State, 119 Oh St 162,** where the Supreme Court ordered the Common Pleas Court to correct the record without any further action on behalf of the intermediate Court of Appeals. In that case, Clark had been charged with second-degree murder and found guilty of manslaughter. The only error which would prevent an affirmance in the Supreme Court was that the record showed that the trial court had instructed the jury with the following language:

"If they cannot so say, a reasonable doubt exists, and it would be your duty to **convict** the defendant * * *."

When the record was remanded to the Common Pleas Court, it was found that the word **acquit** instead of the word **convict** had been used in the charge. The trial court so certified. That having been done, no error remained; and the Supreme Court concluded that there would be no point in remanding the case back to the Court of Appeals since, obviously, no error was left upon which either the Court of Appeals or the Supreme Court would be authorized to reverse the conviction.

However, the case before us is not quite so simple as the Clark case, supra, as to procedure. We have no way of knowing what weight the Board of Tax Appeals would have given to the testimony of O. H. Foster had it been given an opportunity to consider that testimony. Therefore, upon certification to this court of the evidence of said Foster, an entry may be drawn remanding the case back to the Board of Tax Appeals for its consideration of the entire record of the Tax Commissioner, including the evidence of O. H. Foster and any other evidence

which said Board may deem proper upon such reconsideration, as provided for in §5717.02 R. C., the last sentence of which reads as follows:

"The board may order the appeal to be heard upon the record and the evidence certified to it by the commissioner, but upon the application of any interested party the board shall order the hearing of additional evidence, and it may make such investigation concerning the appeal as it deems proper."

No useful purpose can be served by the court considering the six errors complained of by the appellant in its notice of appeal filed August 16, 1957, until such time as the Board of Tax Appeals has reconsidered the appeal of the appellant as outlined in the previous paragraph. Therefore, the entire case will be remanded to the Board of Tax Appeals for further proceedings as outlined in this opinion.

Motion sustained.

BRYANT and MILLER, JJ, concur.